IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| JAMES T. NEFF,<br>on behalf of plaintiff and a class, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| COLLINS ASSET GROUP, LLC, | )<br>) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff James T. Neff brings this action to secure redress from unlawful collection practices engaged in by defendant Collins Asset Group, LLC ("CAG"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

4. Venue and personal jurisdiction in this District are proper because defendant's collection communications and activities impacted plaintiff within this District.

1

## PARTIES

5. Plaintiff is an individual who resides in Indiana, Pennsylvania.

6. Defendant CAG is a limited liability company organized under Delaware law with principal offices at 5725 West Highway 290, Suite 103, Austin, TX 78735-8722. Its registered agent is Walt Collins at that address. It does or transacts business in Pennsylvania. Its registered office and agent is Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.

7. CAG is engaged in the business of a collection agency and debt buyer.

8. CAG regularly uses the mails and telephones to collect debts.

9. CAG is a "debt collector" as defined in the FDCPA.

10. Defendant CAG pays an average of less than 5 cents on the dollar for the debts it purchases.

11. Defendant CAG then attempts to collect the purchased debts by filing or threatening suits on them and having the putative debtors dunned.

12. Defendant CAG conducts business on a national scale.

13. Defendant CAG has been the plaintiff in numerous collection lawsuits during the year prior to the filing of this action.

## FACTS

14. On or about February 13, 2015, CAG sent plaintiff James T. Neff the letter attached as <u>Exhibit A</u>.

15. On information and belief, <u>Exhibit A</u> is a form letter regularly used by CAG.

16. <u>Exhibit A</u> offered a settlement of a debt originally owed to Nissan Motor Acceptance Corporation.

17. The debt resulted from the voluntary repossession of a vehicle in 2010.

18. The vehicle was purchased for personal, family or household purposes and not for business purposes.

19. Any default on the debt occurred no later than August 2010.

20. The debt went into default more than four years prior to the filing of suit.

21. The statute of limitations applicable to the collection of auto retail installment contract and lease debts is four years under sections 2-725 and 2A-506 of the Uniform Commercial Code.  The Pennsylvania cites are 13 Pa.C.S.A. § 2725 and 13 Pa.C.S.A. § 2a506

22. Section 2-725 of the UCC, applicable to retail installment contracts, provides: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . ."

23. Section 2A-506 of the UCC, applicable to leases, provides: "An action for default under a lease contract, including breach of warranty or indemnity, must be commenced within 4 years after the cause of action accrued. . . ."

24. Most states have enacted the standard Uniform Commercial Code statute of limitations and have held that it applies to an action to recover the money owed under a contract for the sale of goods. *Massey-Ferguson Credit Corp. v. Casaulong*, 62 Cal. App. 3d 1024, 133 Cal. Rptr. 497 (1976); *Jack Heskett Lincoln-Mercury v. Metcalf*, 158 Cal. App. 3d 38; 204 Cal. Rptr. 355 (1984); *Worrel v. Farmers Bank of Delaware*, 430 A.2d 469 (Del. 1981); *First Hawaiian Bank v. Powers*, 93 Haw. (App.) 174, 998 P.2d 55, 67 (2000); *Citizens National Bank of Decatur v. Farmer*, 77 Ill. App. 3d 56; 395 N.E.2d 1121 (4th Dist. 1979); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *Fallimento C.Op.M.A. v. Fischer Crane Co.*, 995 F.2d 789 (7th Cir. 1993) (Illinois law); *Barnes v. Community Trust Bank,* 121 S.W.3d 520

(Ky. App. 2003); *Scott v. Ford Motor Credit Co.*, 345 Md. 251, 691 A.2d 1320 (1997); *D.A.N. J.V. III v. Clark*, 218 S.W.2d 455 (Mo.App. 2006); *Mobile Discount Corp. v. Price*, 99 Nev. 19, 656 P.2d 851 (1983); *Associates Discount Corp. v. Palmer*, 47 N.J. 183, 219 A.2d 858 (1966); *Ford Motor Credit Co. v. Arce*, 348 N.J.Super 198 (App. Div. 2002); *First National Bank v. Chase*, 118 N.M. 783, 887 P.2d 1250 (1994); *Matter of Village of Scarsdale v New York City Water Bd.*, 33 A.D.3d 1011, 824 N.Y.S.2d 325 (2nd Dept. 2006); *Wuhu Import & Export Corp. v. Capstone Capital, LLC*, 39 A.D.3d 314; 834 N.Y.S.2d 129 (1st Dept. 2007); *Herba v. Chichester*, 301 A.D.2d 822, 823, 754 N.Y.S.2d 695 (3rd Dept. 2003); *Alice A. Baker, Inc. v. Norton*, 192 Misc. 2d 511; 747 N.Y.S.2d 146 (Sup.Ct. Rensselaer Co. 2002); *Bluefin Wear, Inc. v Tuesday's Child Boutique, Inc.*, 13766/10, 33 Misc. 3d 1233A; 2011 N.Y. Misc. LEXIS 5817; 2011 NY Slip Op 52231U (Sup.Ct. Kings Co. Dec. 14, 2011); *May Co. v. Trusnik*, 54 Ohio App.2d 71, 375 N.E.2d 72 (Ohio App. 1977); *Gimbel Bros., Inc. v. Cohen*, 46 Pa. D. & C.2d 747, 6 UCC Rep. Serv. 803 (C.P 1969); *Action Management Inc. v. Fratello*, 46 Pa. D. & C.4th 139 (C.P. 2000); *Industrial Valley Bank v. Sharpe*, 15 Pa. D. & C.3rd 506 (C.P. 1980); *First National Bank v. Keefer*, 76 Pa. D. & C. 4th 233 (C.P. 2005); *Ideal Builders Hardware Co. v. Cross Constr. Co.*, 491 S.W.2d 228 (1972); *DaimlerChrysler Servs. N. Am., LLC v. Quimette*, 175 Vt. 316, 830 A.2d 38 (2003).

25. Hereinafter, the District of Columbia and the 39 states other than Louisiana, Colorado, Iowa, Michigan, Mississippi, Nevada, North Carolina, Oklahoma, Oregon, South Carolina, and Wisconsin are referred to as the "applicable jurisdictions."

26. An alleged assignee of the debt such as CAG takes the assignor's interest subject to all legal and equitable defenses existing at the time of the alleged assignment, including the statute of limitations.

4

27. Defendant CAG regularly demands payment of and offers to settle auto retail installment contract and lease debts in the applicable jurisdictions that are more than four years old at the time of the demand, filing or threat.

28. It is the policy and practice of defendants, when seeking to settle time-barred debts, to not disclose the fact that they are time-barred.

29. It is the policy and practice of defendants, when seeking to settle time-barred debts, to not disclose the dates of the transactions giving rise to the debts.

30. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt."

31. In early 2012, the FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC*, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

32. On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004. The orders require that "the Bank shall continue to provide disclosures concerning the expiration of the Bank's

litigation rights when collecting debt that is barred by the applicable state statutes of limitations . . . ." (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

33. The October 1, 2012 orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement. . . ." (2012-CFPB-0002, p. 7 of 35, 2012-CFPB-0003, p. 6 of 28). Thus, they recognize that "settlement offers" that fail to disclose material information may be misleading.

34. On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC-12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases, that sending a collection letter offering settlement of a time barred debt without disclosing that the debt was time barred is misleading.

35. The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?*, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

36. Courts have likewise held that offering to settle time-barred debts without disclosure of that fact is misleading. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014); *Buchanan v. Northland Group, Inc.*, 776 F.3d 393 (6th Cir. 2015).

## COUNT I – FDCPA

37. Plaintiff incorporates paragraphs 1-36.

38. Defendant engaged in unfair and deceptive acts and practices, in violation of 15

6

U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by offering to settle time-barred debts without disclosure of that fact.

39. Section 1692e provides:

> § 1692e. False or misleading representations [Section 807 of P.L.]
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (2) The false representation of--
>
> (A) the character, amount, or legal status of any debt; . . .
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

40. Section 1692f provides:

> § 1692f. Unfair practices [Section 808 of P.L.]
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

## CLASS ALLEGATIONS

41. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

42. The class consists of (a) all individuals with addresses in one of the applicable jurisdictions (b) with respect to whom defendant sent or caused to be sent a letter (c) offering to settle (d) auto retail installment contract and lease debts (e) more than four years after the later of default, repossession or chargeoff, (f) which letter did not refer to the fact that

the debt was time-barred, (g) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

43. On information and belief, the class is so numerous that joinder of all members is not practicable.

44. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants engage in a practice of attempting to settle time-barred debts without disclosure of the fact that they are time-barred, and whether such practice violates the FDCPA.

45. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

46. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

47. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    i. Statutory damages;

    ii. Actual damages, including all amounts collected on time-barred debts;

    iii.    Attorney's fees, litigation expenses and costs of suit; and

    iv.    Such other and further relief as the Court deems proper.

SHENKAN INJURY LAWYERS, LLC.

_____
Richard Shenkan
SHENKAN INJURY LAWYERS, LLC.
6550 Lakeshore St.
West Bloomfield, MI 48323
T: (800) 601-0808
F: (888) 769-1774
rshenkan@shenkanlaw.com

Pro hac vice application to be submitted:

Cathleen M. Combs
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
T: (312) 739-4200
F: (312) 419-0379 (FAX)
ccombs@edcombs.com

## JURY DEMAND

Plaintiff demands trial by jury.

                                           SHENKAN INJURY LAWYERS, LLC.

                                           _____
                                           Richard Shenkan

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

SHENKAN INJURY LAWYERS, LLC.

_____
Richard Shenkan