# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH DIVISION

| | |
|---|---|
| JAMES T. NEFF, <br> on behalf of plaintiff and a class, <br><br> Plaintiff, <br><br> vs. <br><br> COLLINS ASSET GROUP, LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff James T. Neff ("Plaintiff") respectfully requests that this Court enter an order determining that this lawsuit may proceed as a class action against defendant Collins Asset Group, LLC ("CAG"). Plaintiff asserts claims against defendants based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). Plaintiff seeks to certify a class defined as follows: (a) all individuals with addresses in one of the Applicable Jurisdictions[1] (b) with respect to whom defendant sent or caused to be sent a letter (c) offering to settle (d) auto retail installment contract and lease debts (e) more than four years after the later of default, repossession or chargeoff, (f) which letter did not refer to the fact that the

---

[1] Hereinafter, the District of Columbia and the 39 states other than Louisiana, Colorado, Iowa, Michigan, Mississippi, Nevada, North Carolina, Oklahoma, Oregon, South Carolina, and Wisconsin are referred to as the "Applicable Jurisdictions."

debt was time-barred, (g) which letter was sent at any time during a period beginning November 13, 2014 and ending on December 20, 2015.

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC. and Shenkan Injury Lawyers, LLC. be appointed counsel for the class.

In support of this motion, plaintiff states:

**NATURE OF THE CASE**

1. This case arises out of defendant's policy and practice of collecting upon time-barred debts without revealing the time-barred nature of those debts to the debtors. Plaintiff alleges that this conduct violates the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

2. <u>Exhibit A</u>[2], a letter that CAG sent to Plaintiff, is a form letter it regularly uses. <u>Exhibit A</u> offered to settle a debt originally owed to Nissan Motor Acceptance Corporation, which went into default more than four years prior to the date of the letter.

3. The statute of limitations applicable to the collection of auto retail installment contract and lease debts is four years under sections 2-725 and 2A-506 of the Uniform Commercial Code. The Pennsylvania cites are 13 Pa.C.S.A. § 2725 and 13 Pa.C.S.A. § 2a506, Section 2-725 of the UCC, applicable to retail installment contracts, provides: "An action for breach of any contract for sale must

---

[2] To avoid duplication, all exhibits referenced herein are attached to Plaintiff's Memorandum in Support of Plaintiff's Motion for Class Certification.

be commenced within four years after the cause of action has accrued. . . ."

Section 2A-506 of the UCC, applicable to leases, provides: "An action for default under a lease contract, including breach of warranty or indemnity, must be commenced within 4 years after the cause of action accrued. . . ."

    4.    <u>Exhibit A</u> attempts to collect on a time-barred debt without disclosing that fact to debtors. It also does not disclose the date of the transaction from which the debt arises. This is false, misleading, and deceptive under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692e.

    5.    The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

6. On October 1, 2012, the Consumer Financial Protection Bureau ("CFPB"), which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency, entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004. The orders require that "the Bank shall continue to provide disclosures concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations . . . ." (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28). The October 1, 2012 orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement. . . ." (2012-CFPB-0002, p. 7 of 35, 2012-CFPB-0003, p. 6 of 28). Thus, they recognize that "settlement offers" that fail to disclose material information may be misleading.

7. On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC-12-316k, 2012-CFPB-

0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases, that sending a collection letter offering settlement of a time barred debt without disclosing that the debt was time barred is misleading.

8. The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?*, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

9. Courts have likewise held that offering to settle time-barred debts without disclosure of that fact is misleading. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014); *Buchanan v. Northland Group, Inc.*, 776 F.3d 393 (6th Cir. 2015). Courts have also found that class certification is appropriate on this claim. *Rawson v. Source Receivables Management, LLC*, 289 F.R.D. 267 (N.D.Ill. 2013); *Magee v. Portfolio Recovery Associates, LLC*, No. 12 C 1624, 2015 WL 535859 (N.D.Ill. Feb. 5, 2015).

**CLASS CERTIFICATION REQUIREMENTS**

10. The class is so numerous that joinder of all members is impracticable. This is indicated by the barcode on <u>Exhibit A</u>, as well as the fact that debts are typically sold in portfolios of similar type and vintage, not individually.

11. On information and belief, there are at least 40 (a) individuals with addresses in one of the Applicable Jurisdictions (b) with respect to whom defendant sent or caused to be sent a letter (c) offering to settle (d) auto retail installment contract and lease debts (e) more than four years after the later of default, repossession or chargeoff, (f) which letter did not refer to the fact that the debt was time-barred, (g) which letter was sent at any time during a period beginning November 13, 2014 and ending December 3, 2015.

12. Plaintiff will obtain the exact number of class members through discovery, and requests a briefing schedule long enough to obtain such information.

13. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether defendants attempt to collect time-barred debts without disclosure of the that fact; and,

    b. Whether the above-described practice violates the FDCPA.

14. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights; and,

c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

15. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

16. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions, collection abuse, and FDCPA litigation.

17. Attorney Richard Shenkan has 18 years of trial experience predominately concentrated in the personal injury and consumer class action fields. Attorney Cathleen Comb and the other attorneys at Edelman, Comb, Latturner, and Goodwin, LLC. are set forth in <u>Exhibit B</u> of the attached memorandum.

18. In further support of this motion, plaintiff submits the accompanying memorandum of law.

WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

Respectfully submitted,
SHENKAN INJURY LAWYERS, LLC.

Richard Shenkan
SHENKAN INJURY LAWYERS, LLC.
6550 Lakeshore St.
West Bloomfield, MI 48323
P: (248) 562-1320
F: (888) 769-1774
rshenkan@shenkanlaw.com

Pro hac vice application to be submitted:
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER
 & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
P: (312) 739-4200
F: (312) 419-0379
ccombs@edcombs.com

## CERTIFICATE OF SERVICE

I, Richard Shenken, hereby certify that on November 13, 2015, I caused to be sent the forgoing documents to be filed with the Clerk of the Court. I further certify I shall cause to be served, as soon as service is effectuated, a true and accurate copy of such filing via process server upon the defendant.

SHENKAN INJURY LAWYERS, LLC.

_____
Richard Shenken